In the United States District Court
for the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| Orion Project Services (Houston) LLC (a/k/a Orion Project Services, LLC) and Orion Engineering Services Ltd., | § § § § | |
| Plaintiffs, v. | § § § § | Civil Action No.: 4:16-CV-1401 |
| ACE American Insurance Company, | § § § | |
| Defendant. | § § | |

## Complaint

Plaintiffs Orion Project Services (Houston) LLC (a/k/a Orion Project Services, LLC) and Orion Engineering Services Ltd. (collectively, "Orion") file this Complaint against Defendant ACE American Insurance Company ("ACE").

### NATURE OF THE CASE

1. This is an insurance coverage dispute arising out of ACE's refusal to honor its obligations in a liability insurance policy that Orion purchased for substantial premiums.

2. Orion is an international leader in the provision of personnel to the engineering and energy industries. Orion purchased the policy from ACE to provide Orion with a defense to claims against it, and to protect it from the costs of any settlements or judgments in such claims.

3. Among other things, the policy required ACE to defend and indemnify Orion against claims for damages because of bodily injury to Orion's personnel.

4. Orion sent personnel, including an inspector named Iluminado Santiago, Jr., to work at a facility in In Amenas, Algeria operated by a joint venture that included BP. The facility was unexpectedly attacked and forty innocent people were killed, including Mr.

Santiago. The families of several victims later brought lawsuits in Houston, Texas concerning this incident. One such lawsuit was brought by Mr. Santiago's family against BP and Orion.

5. Despite ACE having issued a liability insurance policy requiring it to defend Orion against the type of claims alleged in the Santiago family's lawsuit, ACE refused to do so. Instead, ACE wrongfully argued that lawsuit did not allege Mr. Santiago was Orion's employee.

6. In the face of ACE's denial, Orion was left to defend the lawsuit on its own. ACE also wrongfully refused to indemnify Orion or pay any of its settlement costs, which again left Orion to fend for itself and settle the lawsuit on the best available terms.

7. Orion seeks declarations that ACE had (and has) a duty to defend and indemnify Orion under the policy, damages for breach of contract due to ACE's failure to do so, damages for ACE's violations of the Texas Insurance Code, and attorneys' fees.

## THE PARTIES

8. Plaintiff Orion Project Services (Houston) LLC (a/k/a Orion Project Services, LLC) is a limited liability company formed under Texas law with its principal place of business in Houston, Texas.

9. Plaintiff Orion Engineering Services Ltd. is a company formed under the laws of the United Kingdom with its principal place of business in Inverness, Scotland.

10. Defendant ACE American Insurance Company is a company domiciled in the State of Pennsylvania and formed under Pennsylvania law. ACE's registered agent is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a)(3) because it is between citizens of different States and citizens or subjects of a foreign state. The amount in controversy exceeds $75,000, exclusive of interest and costs.

12. This Court has personal jurisdiction over ACE because it is licensed to sell or write insurance in Texas and has conducted substantial insurance business in Texas.

13. Venue is proper under 28 U.S.C. § 1391 because ACE is subject to personal jurisdiction in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE INSURANCE CONTRACT

14. ACE sold Orion an International Advantage Commercial Insurance Policy, No. PHF D37917217, for the policy period of September 4, 2012 to September 4, 2013 (the "Policy").

15. ACE and its related companies represent themselves as a "global insurance leader" and market their expertise in the energy industry. Earlier in 2012, ACE represented through its website and otherwise that its International Advantage insurance policies:

- "are designed to provide coverage for companies operating globally in the professional services arena;"
- "offer enhanced coverages for the unique risks faced by professional services employees doing business overseas;" and
- "[are] an ideal solution for insuring the risks of emerging to middle-market professional services firms."

16. The Policy provides a number of insuring agreements, including Employers Responsibility Coverages; Accidental Death and Dismemberment and Medical Expense; and Corporate Kidnap and Extortion.

17. One of the Employers Responsibility Coverages in the Policy provides Orion "Voluntary Compensation Coverage" as follows:

> **VOLUNTARY COMPENSATION COVERAGE**
>
> "Voluntary Compensation" coverage applies to any claim for bodily injury by accident, bodily injury by disease or bodily injury by "endemic disease" whether or not it is subject to or governed by any "workers' compensation law". This bodily injury must be injury to your "employee" and must arise out of and in the course of employment by you. Bodily injury includes resulting death.

Policy, at 199.

18. Another of the Employers Responsibility Coverages in the Policy provides Orion "Contingent Employers Liability Coverage" as follows:

> **CONTINGENT EMPLOYERS LIABILITY COVERAGE**
>
> We will pay all sums you legally must pay as damages because of bodily injury to your "employees," provided the bodily injury is covered by this Contingent Employers Liability Coverage[.]
>
> The damages we will pay, where recovery is permitted by law, include damages:
>
> 1. for which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your "employee" . . . and
>
> 4. because of bodily injury to your "employee" that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

Policy, at 52.

19. The Policy defines "employee" circularly as "anyone employed by the Named Insured." The phrase "employed by" is not defined. As a result, common and ordinary meanings of the word "employ" must be used to interpret that phrase as part of the process of

defining the term "employee." The word "employ" has many meanings. For example, the American Heritage Dictionary's definition of "employ" includes various descriptions such as:

- "[t]o engage the services of; put to work;"
- "[t]o provide with gainful work;"
- "[t]o put to use or service;" or
- "[t]o devote (time, for example) to an activity or purpose."

*The American Heritage Dictionary of the English Language* 586 (4th Ed. 2006). Webster's also includes several definitions of "employ," including:

- "to make use of (someone or something inactive);"
- "to use (as time) advantageously;"
- "to use or engage the services of;" or
- "to provide with a job that pays wages or a salary."

*Merriam-Webster's Collegiate Dictionary* 408 (11th Ed. 2004). Orion's arrangement with Mr. Santiago in connection with his work at the In Amenas facility is consistent with these and other definitions of the word "employ."

20. The Policy also gives Orion the option to include independent contractors as "employees" where Orion has agreed to provide them workers' compensation benefits prescribed by state law. Texas does not require employers to participate in the state's workers' compensation system. TEXAS LABOR CODE § 406.002. Accordingly, Orion could include independent contractors as "employees" without providing any benefits.

21. Under the Policy, ACE has a duty to defend Orion against any claim or suit for damages covered by the Employers Responsibility Coverages.

22.     By Endorsement, the Policy further provides "Alternate Employer" coverage as follows:

> **ALTERNATE EMPLOYER ENDORSEMENT**
>
> **This endorsement modifies insurance under the following:**
>
> **EMPLOYERS RESPONSIBILITY COVERAGES FORM**
>
> It is agreed that the Company will pay on behalf of, or reimburse, any person or organization (hereinafter called the Alternate Employer) all compensation and other benefits required under a Workers' Compensation Law designated in the policy, or damage based on an obligation to pay because of bodily injury by accident or disease including death at any time resulting therefrom, sustained by any employee of the insured arising out of and in the course of work performed by the insured for the Alternate Employer.

Policy, at 197.

23.     The Alternate Employer Endorsement refers to "any person or organization" as an "Alternate Employer," which may include Orion or BP.

24.     The Alternate Employer Endorsement also does not refer to "employee" in quotes and as defined in the Policy. The Policy makes clear that when reference to one of its definitions is intended, that is done by using quotation marks:

> **VI.     WORDS IN QUOTATION MARKS**
>
> Words and phrases that appear in quotation marks have the special meaning given to them in the **DEFINITIONS** sections of the coverage form in which they appear.

Policy, at 8.

25.     Instead of referring to the Policy's definition of "employee," which is itself ambiguous because of its reliance on the undefined term "employed by," this provision includes

the term "any employee of the insured," is entirely undefined. Ordinary definitions of the word "employee" include, for example, "[a] person who works for another in return for financial or other compensation" (*The American Heritage Dictionary of the English Language* 586 (4th Ed. 2006)) or "one employed by another usu[ally] for wages or salary and in a position below the executive level" (*Merriam-Webster's Collegiate Dictionary* 408 (11th Ed. 2004)). Again, Orion's arrangement with Mr. Santiago in connection with his work at the In Amenas facility is consistent with this and other definitions of the word "employee."

## THE BP AGREEMENT

26. Orion regularly provides personnel to the engineering and energy industries in connection with energy projects all over the world.

27. Orion entered into an agreement with parties to a joint venture that included BP Amoco Exploration under which Orion agreed to send workers to a facility operated by the joint venture in In Amenas, Algeria (the "BP Agreement").

28. Among other things, the BP Agreement provided that Orion was solely responsible for all payments and benefits to Orion's workers.

29. The BP Agreement further provided that Orion would "release, defend, indemnify and hold harmless [BP] from and against any and all liabilities for death, illness or injury to any of [Orion's] and/or subcontractors' Personnel . . . and against all claims, demands, proceedings, causes of action and costs and expenses (including those for reasonable attorneys' fees) resulting therefrom."

30. Pursuant to the BP Agreement, Orion sent workers to the In Amenas facility to perform certain jobs.

31. Among others, Orion engaged Iluminado Santiago, Jr., a Philippine citizen, and sent him to work as an Electrical Hazardous Area Installation Inspector at the In Amenas facility.

## THE IN AMENAS INCIDENT

32. On or around January 16, 2013, the In Amenas facility was violently attacked. The facility was taken over and its occupants were held captive until control was regained several days later.

33. Forty innocent people were killed in the In Amenas facility attack, including Mr. Santiago.

34. Through Orion, approximately $800,000 was paid to or on behalf of Mr. Santiago's widow and family after Mr. Santiago's death. In addition to amounts paid to Mr. Santiago's widow directly, the costs for Mr. Santiago's funeral and burial were paid, as well as the costs of counseling for Mr. Santiago's family.

## THE UNDERLYING LAWSUIT

35. On October 2, 2014, Mr. Santiago's surviving family members filed a lawsuit against Orion and several BP companies in Harris County. That lawsuit was styled *Estrella Santiago, et al. v. BP America, Inc., et al.*, Cause No. 2014-57278, in the 151st Judicial District Court of Harris County, Texas ("Underlying Lawsuit").

36. Construed as a whole and in light of the Policy's provisions, the Underlying Lawsuit broadly alleged[1] that Mr. Santiago was, or at least potentially was, Orion's employee under one or more of the Policy's coverages.

37. Among other things, the Underlying Lawsuit alleged:[2]

- "BP hired Orion Project Services in the State of Texas, who in turn recruited Mr. Santiago to work at the In Amenas facility . . . ." Fourth Amended Petition at ¶ 3.3.

---

[1] Orion does not sponsor these allegations or make any admissions about their veracity. They are repeated here only for the purpose of generally describing what has been alleged in the Underlying Lawsuit.

[2] These allegations have been in the Underlying Lawsuit from the Original Petition through the Fourth Amended Petition, which is the current live pleading in the Underlying Lawsuit.

- "Defendants [the plural included Orion] engaged in continuous and systematic conduct in the state of Texas which included recruiting persons like . . . Iluminado Santiago." Fourth Amended Petition at ¶ 3.3.

- "In November 2009, Orion entered into an agreement with Iluminado Santiago, Jr. to provide requested services to Orion's clients. Mr. Santiago was assigned to BP America Exploration as an Electrical Hazardous Area Installation Inspector to work in Algeria. On November 29, 2012, Orion extended the term of Mr. Santiago's contract through December 31, 2013." Fourth Amended Petition at ¶ 5.1.

- "Defendants [the plural included Orion] were negligent and/grossly negligent in failing to protect its contractors, employees and invitees, including Mr. Santiago . . . from conditions they knew, or had reason to know, created an unreasonable risk of harm to its contractors, employees and/or invitees." Fourth Amended Petition at ¶ 6.1.2.

38. These allegations fall within the Policy's coverages. Alternatively, and at the very least, these allegations are ambiguous as to whether Mr. Santiago was Orion's employee as that term must be interpreted under the Policy.

39. BP also demanded indemnification from Orion in the Underlying Lawsuit on the basis of the BP Agreement.

## ACE'S WRONGFUL DENIAL OF COVERAGE

40. The Policy was in effect at all relevant times.

41. Orion promptly notified ACE of the Underlying Lawsuit on October 22, 2014.

42. From the outset, ACE engaged in wrongful acts to deny coverage and further its own interests above those of Orion, all in breach of its duties to Orion.

43. For example, on October 29, 2014, ACE responded to Orion's notice by telling Orion "there may be coverage issues under the circumstances." ACE then wrongfully asserted "there is no claim in the complaint that alleges Santiago was an employee."

44. ACE was required to defend Orion in the Underlying Lawsuit because the petition did, at least potentially, allege that Mr. Santiago was Orion's employee.

45. Under Texas law, where a petition does not state facts sufficient to clearly bring the case within or outside a policy's coverage, an insurer is obligated to defend if the allegations even potentially state a claim that could be covered under the policy. ACE breached that duty.

46. Under Texas law, ACE was not permitted to consider anything outside of the Policy and the petition in determining whether it was obligated to defend Orion in the Underlying Lawsuit. ACE breached that duty too.

47. In responding to Orion's notice of the Underlying Lawsuit, and without agreeing to defend Orion as required under the Policy, ACE requested information in addition to the petition and the Policy, and even referred to its claims handler's own supposed understanding of the underlying facts, saying:

> It is my understanding that he was an independent contractor. Please advise if you believe that Mr. Santiago qualifies as an employee and provide supporting documentation for same including but not limited to payroll records and all relevant contracts related to the agreements and services provided in the referenced matter between Orion and Santiago and BP. Forward all internal and external investigative reports received and any other materials that you believe may be pertinent to ACE [sic] understanding of the claim and or [sic] that might affect ACE's coverage position.

October 9, 2014 email from Mr. Joe McPherson, Senior Claim Director ACE Multinational Claims, at 1.

48. This statement, along with the accompanying request for extrinsic evidence, violated ACE's duty to defend Orion based solely on the allegations in the Underlying Lawsuit and the terms of the Policy.

49. ACE also wrongfully stated that the Policy contains a "war exclusion" that could apply to the Underlying Lawsuit. By endorsement, the Policy's "war exclusion" is deleted and

replaced by coverage for "war" under certain circumstances. Even so, the Underlying Lawsuit does not make any allegations of "war."

50. Orion provided ACE with, among other things, answers to ACE's questions, copies of Orion's contracts with Mr. Santiago and BP, and a detailed analysis under Texas law regarding Mr. Santiago. Even after Orion provided the additional requested information, ACE continued to refuse to defend Orion or accept coverage of the Underlying Lawsuit.

51. For example, on August 12, 2015, shortly after the plaintiffs in the Underlying Lawsuit filed a Third Amended Petition, ACE's counsel sent Orion's broker a letter improperly asserting again that the petition did not allege Mr. Santiago was Orion's employee and seeking eight categories of additional documents and information. ACE further said it had "not yet made a final determination about whether it will defend Orion but is investigating this matter . . . ," even though it had been almost a year since it received a copy of the petition.

52. Orion responded with multiple letters. Among other things, Orion directed ACE's attention to the allegations in the Third Amended Petition that continued to at least potentially allege Mr. Santiago was a covered employee under the Policy. Orion also explained how Mr. Santiago qualified as an Orion "employee" as defined in the Policy, as an included independent contractor, and/or as used in the Alternate Employer Endorsement.

53. In response, ACE wrongly claimed that it was permitted to consider evidence outside of the Policy and the petition in determining whether ACE has a duty to defend Orion, citing the Texas Supreme Court's decision *In re Deepwater Horizon*, 470 S.W.3d 452 (Tex. 2015).

54. The *Deepwater Horizon* decision did not concern the duty to defend, but rather whether claims against an additional insured fell within the policy's scope of coverage for

additional insureds. The Texas Supreme Court did not overrule the longstanding "eight corners" rule in that case, or any other case. In fact, at least eight Texas appellate court decisions and Fifth Circuit opinions have reaffirmed and applied the "eight corners" rule since the Texas Supreme Court issued the *Deepwater Horizon* decision.

55.　Even more telling that ACE is trying to justify its position after the fact, the *Deepwater Horizon* decision had not even been handed down when ACE failed to defend Orion in October 2014.

56.　ACE continues to deny coverage for the Underlying Lawsuit, in breach of the Policy.

## RESOLUTION OF THE UNDERLYING LAWSUIT

57.　Because ACE failed to provide Orion a defense in the Underlying Lawsuit, Orion was forced to hire counsel to defend itself and protect its interests in the Underlying Lawsuit.

58.　Orion continued to defend itself in the Underlying Lawsuit while ACE repeatedly denied coverage under the Policy. Orion incurred defense costs in connection with pleadings, written discovery, depositions, motion practice and other defense work.

59.　Faced with potentially ruinous liability at trial in the Underlying Lawsuit and ACE's refusal to indemnify it for any judgment, Orion was compelled to settle the Underlying Lawsuit on the best available terms as any prudent person would have.

60.　ACE has refused to pay any amounts towards resolution of the Underlying Lawsuit.

61.　Orion complied with all Policy provisions, including any conditions precedent, to the extent required by law.

62.　ACE's refusal to defend or indemnify Orion is wrongful, and constitutes a breach of the Policy.

63.     The Underlying Lawsuit has been settled in principle, pending completion of necessary prerequisites such as judicial approval of the settlement involving minor children.

## CAUSES OF ACTION

### A.     Declaratory Relief – Duty to Defend

64.     Orion repeats and re-alleges the allegations set forth in Paragraphs 1 through 63 with the same force and effect as if repeated in their entirety.

65.     Under the Policy, ACE agreed to defend Orion against any claim or suit for damages covered by the Employers Responsibility Coverages and/or other coverages.

66.     The Underlying Lawsuit alleges claims covered by the Employers Responsibility Coverages and/or other coverages under the Policy.

67.     Orion complied with all terms, conditions and prerequisites to coverage under the Policy to the extent required by law.

68.     ACE improperly refused to defend Orion in the Underlying Lawsuit.

69.     Orion has incurred significant costs to defend itself and protect its interests in the Underlying Lawsuit.

70.     An actual and justiciable controversy exists between the parties concerning their respective rights and obligations under the Policy, including ACE's obligation and refusal to defend Orion in the Underlying Lawsuit.

71.     This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment.  The issuance of declaratory relief and subsequent compliance by ACE should be sufficient to resolve the existing controversy between Orion and ACE in this cause of action.

72.     Pursuant to 28 U.S.C. § 2201, Orion seeks a declaratory judgment that ACE is obligated to defend Orion in the Underlying Lawsuit.

B.  **Declaratory Relief – Duty to Indemnify**

73. Orion repeats and re-alleges the allegations set forth in Paragraphs 1 through 63 with the same force and effect as if repeated in their entirety.

74. Under the Policy, ACE agreed to indemnify Orion for amounts Orion must pay as damages because of bodily injury covered by the Employers Responsibility Coverages and/or other coverages.

75. The Underlying Lawsuit seeks damages because of bodily injury covered by the Employers Responsibility Coverages and/or other coverages under the Policy.

76. Orion complied with all terms, conditions and prerequisites to coverage under the Policy to the extent required by law.

77. ACE has improperly taken the position that the Underlying Lawsuit is not a covered claim under the Policy.

78. An actual and justiciable controversy exists between the parties concerning their respective rights and obligations under the Policy, including ACE's obligation and refusal to indemnify Orion for damages in the Underlying Lawsuit.

79. This controversy is ripe and of sufficient immediacy to justify the issuance of a declaratory judgment. The issuance of declaratory relief and subsequent compliance by ACE should be sufficient to resolve the existing controversy between Orion and ACE in this cause of action.

80. Pursuant to 28 U.S.C. § 2201, Orion seeks a declaratory judgment that ACE is obligated to indemnify Orion for damages it incurs in settlement, judgment or otherwise, in the Underlying Lawsuit.

## C.   Breach of Contract – Duty to Defend

81.   Orion repeats and re-alleges the allegations set forth in Paragraphs 1 through 63 with the same force and effect as if repeated in their entirety.

82.   The Policy is a valid and enforceable contract between Orion and ACE.

83.   ACE was and is required to defend Orion in the Underlying Lawsuit under the terms of the Policy.

84.   Orion complied with all terms, conditions and prerequisites to coverage under the Policy to the extent required by law.

85.   ACE wrongfully refused to defend Orion in the Underlying Lawsuit in breach of the Policy.

86.   Orion has incurred significant costs to defend itself and protect its interests in the Underlying Lawsuit.

87.   As a direct and proximate result of ACE's breach of the duty to defend, Orion has suffered monetary damages in an amount to be determined at trial.

## D.   Breach of Contract – Duty to Indemnify

88.   Orion repeats and re-alleges the allegations set forth in Paragraphs 1 through 63 with the same force and effect as if repeated in their entirety.

89.   The Policy is a valid and enforceable contract between Orion and ACE.

90.   ACE was and is required to indemnify Orion for amounts Orion must pay as damages because of bodily injury covered under the terms of the Policy.

91.   Orion complied with all terms, conditions and prerequisites to coverage under the Policy to the extent required by law.

92. ACE has repudiated its obligation to indemnify Orion for amounts Orion must pay as damages in the Underlying Lawsuit.

93. As a direct and proximate result of ACE's anticipatory breach of its obligation to indemnify Orion under the Policy, Orion has suffered and will suffer monetary damages in an amount to be determined at trial.

E.   **Violation of Texas Insurance Code Chapter 541**

94. Orion repeats and re-alleges the allegations set forth in Paragraphs 1 through 63 with the same force and effect as if repeated in their entirety.

95. ACE violated Texas Insurance Code Chapter 541 by engaging in prohibited unfair insurance practices with respect to Orion's claim, including the following:

- Misrepresenting to Orion that the Policy contains a "war exclusion" that could apply to the Underlying Lawsuit when the Policy's "war exclusion" was deleted by endorsement and replaced with "war" coverage;

- Relying on its claims handler's "understanding" of the facts and demanding information in addition to the Policy and the petition in the Underlying Lawsuit to determine its duty to defend;

- Misrepresenting that non-existent and inapplicable Texas Supreme Court precedent permitted it to consider information in addition to the Policy and the petition in the Underlying Lawsuit in determining its duty to defend;

- Failing to promptly provide Orion with a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for ACE's denial of Orion's claim;

- Failing within a reasonable time to affirm or deny coverage of Orion's claim;

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim once liability had become reasonably clear.

96. As a result of ACE's unfair insurance practices, Orion has suffered and will continue to suffer monetary damages, including court costs and attorney's fees for this coverage action, in an amount to be determined at trial.

97. ACE is also liable to Orion for up to three times the actual damages sustained by Orion for ACE's knowing commission of these unfair insurance practices.

### F. Violation of Texas Insurance Code Chapter 542

98. Orion repeats and re-alleges the allegations set forth in Paragraphs 1 through 63 with the same force and effect as if repeated in their entirety.

99. ACE violated Texas Insurance Code Chapter 542 by failing to comply with the deadlines imposed by that chapter, including by:

- Failing to notify Orion in writing of the acceptance or rejection of Orion's claim within the time required under Texas Insurance Code §542.056 after receiving all information reasonably requested and required;

- Failing to notify Orion in writing within the time required under Texas Insurance Code §542.056 of any need for additional time to accept or reject Orion's claim; and

- Delaying providing Orion with a defense or paying Orion's defense costs within the time required under Texas Insurance Code §542.056 after receiving all information reasonably requested and required.

100. As a result of its violations of Texas Insurance Code Chapter 542, ACE is liable to pay Orion 18% interest per year (per violation) on the amount of its claim as damages, in an amount to be determined at trial.

101. ACE is also liable to Orion for attorney's fees for this coverage action, in an amount to be determined at trial.

### JURY DEMAND

Orion demands a trial by jury for all issues so triable.

## RELIEF SOUGHT

Plaintiffs respectfully request judgment against Defendant ACE as follows:

a. For a declaratory judgment that ACE is obligated to defend Orion in the Underlying Lawsuit under the terms of the Policy;

b. For a declaratory judgment that ACE is obligated to indemnify Orion in the Underlying Lawsuit under the terms of the Policy;

c. For all actual damages arising from ACE's breach of contract, in amounts to be shown at trial, together with attorneys' fees, interest, costs and disbursements of this action;

d. For all damages recoverable under the Texas Insurance Code, in amounts to be shown at trial, together with attorneys' fees, interest, costs and disbursements of this action;

e. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/   Vincent E. Morgan
Vincent E. Morgan (attorney-in-charge)
Texas Bar No. 24027529
S.D. Tex. Bar No. 30181
vince.morgan@pillsburylaw.com
Tamara D. Bruno
Texas Bar No. 24082746
S.D. Tex. Bar No. 2461614
tamara.bruno@pillsburylaw.com
R. Jack Reynolds
Texas Bar No. 16805300
S.D. Tex. Bar No. 3565
jack.reynolds@pillsburylaw.com

909 Fannin, Suite 2000
Houston, Texas 77010
Telephone:   713.276.7625
Facsimile:   281.582.6308

*Attorneys for Plaintiffs*